UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY CARNEY,

    Petitioner,

v.                                                                           Case No. 2:07-cv-20
                                                                         HON. GORDON J. QUIST

GREG MCQUIGGIN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Jeffrey Carney filed this petition for writ of habeas corpus challenging the validity of his conviction for assault on a prison employee. Petitioner was convicted by a jury and was sentenced to forty-three months to eight years imprisonment. Petitioner maintains that his convictions were obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I.  The jury observed petitioner wearing handcuffs; and

II.  Prosecutorial misconduct for calling petitioner a liar.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that while the jury was being excused for a lunch break the jurors observed petitioner being placed in handcuffs by law enforcement officers. The Michigan Court of Appeals rejected petitioner's claim of error explaining:

> Defendant argues that the trial court erred by failing to grant his motion for a mistrial after a juror allegedly observed him in handcuffs. We review for an abuse of discretion a trial court's decision to deny a motion for a mistrial. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). An abuse of discretion occurred if

> an unprejudiced person, considering the facts on which the trial court acted, would find no justification for the ruling made. *People v Ullah*, 216 Mich App 669, 673; 550 NW2d 568 (1996).
>
> "[W]here a jury inadvertently sees a shackled defendant, there must be some showing that prejudice resulted" for reversal to be warranted. *People v Moore*, 164 Mich App 378, 385; 417 NW2d 508 (1987), remanded on other grounds, 433 Mich 851 (1989). Here, the trial court ruled that any prejudice was minimal to none, because the nature of the charged crime had already informed the jury that defendant was a prisoner. We agree and hold that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

A petitioner is obligated to show prejudice when he claims that the jury observed him in shackles during trial. *United States v. Mayes*, 158 F.3d 1215, 1225 (11th Cir. 1998); *United States v. Waldon*, 206 F.3d 597, 607 (6th Cir. 2000) (Juror's observation of defendant in shackles did not require reversal where defendant could show no actual prejudice). Petitioner cannot show that any prejudice resulted from any juror viewing him in handcuffs. The jury was aware that petitioner was a prisoner at the time of the alleged crime and at the time of trial. In the opinion of the undersigned, petitioner cannot show that the Michigan Court of Appeals' decision was unreasonable.

Petitioner asserts that prosecutorial misconduct occurred during the closing arguments when the prosecutor on three occasions asserted that petitioner was untruthful and lacked credibility. The Michigan Court of Appeals indicated that since petitioner did not object to the prosecutor's comments, the court would review only for plain error. The court further indicated that the prosecutor could argue that, based upon the facts, a witness was not believable and that further the court instructed that it was the juror's role to determine witness credibility and that attorney's statements and arguments were not evidence.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst*

*v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Even though the Court of Appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995). It is clear that the contemporaneous objection rule to statements made in closing argument was well-established at the time of petitioner's trial. *See, e.g.*, *People v. Stanaway*, 521

N.W.2d 557, 579 (1994) (citing cases). Moreover, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: November 2, 2009