UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY CARNEY,

    Petitioner,

v.                                    Case No. 2:07-CV-20

GREG MCQUIGGIN,                 HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING CERTIFICATE OF APPEALABILITY

The Court has before it Petitioner's Objections to the Magistrate Judge's Report and Recommendation dated November 2, 2009, in which Magistrate Judge Greeley recommended that Petitioner's petition for writ of habeas corpus be denied. In his habeas petition, Petitioner raised two issues: (1) whether the trial court erred in denying Petitioner's motion for a mistrial after the jury observed Petitioner being placed in handcuffs; and (2) whether the prosecutor committed misconduct in asserting that Petitioner was untruthful and lacked credibility during closing arguments.

The magistrate judge concluded that both claims should be dismissed with prejudice. With regard to the first claim, the magistrate judge found that Petitioner could not show prejudice resulting from any juror having viewed him in handcuffs as the nature of the charged crime already informed the jury that defendant was a prisoner. Thus, Petitioner could not show that the Michigan Court of Appeals decision to that effect was unreasonable. With regard to Petitioner's second claim, the magistrate judge concluded that it was procedurally defaulted as Petitioner failed to

contemporaneously object to the prosecutor's statements at the time of trial. In addition, the magistrate judge concluded that the Michigan Court of Appeals decision to that effect was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; nor did it result from an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Finally, the magistrate judge recommended that a certificate of appealability be denied.

In his objection, Petitioner contends that he was never served with Respondent's answer to his petition. Had he received a copy of the answer, Petitioner contends, he could have filed a reply brief explaining that prejudice *did* result from the jury having viewed him in handcuffs. Although this was a prison staff assault case, Petitioner notes that the trial did not take place in a prison nor was he wearing prison garb. The Court finds Petitioner's argument to be without merit. With regard to the alleged lack of service, Respondent's answer was accompanied by a Certificate of Service indicating that it was mailed to Petitioner. Even if Petitioner did not receive it, he did receive a copy of the order, issued just four days later, granting Respondent's motion for an extension of time to file an answer and indicating that the answer had been filed. Had Petitioner read the order, he would have known that an answer had already been filed and could have requested a copy if he had not yet received one. Moreover, Petitioner has not explained in his objection how he would have attempted to show prejudice in a reply brief. The only argument he adds is that even though the nature of the crime clearly indicated that Petitioner was a prisoner, the trial itself did not take place in a prison and Petitioner was not wearing prison garb. The Court finds this rationale inadequate to justify rejecting the magistrate judge's conclusion on this issue.

With regard to the claim of prosecutorial misconduct, Petitioner does not argue that the magistrate judge erred in concluding that it was procedurally defaulted; rather, he merely asserts that

the failure to object was the result of ineffective assistance of counsel. Even assuming that Petitioner is attempting to avoid procedural default through a showing of cause and prejudice, *see Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), this argument fails on grounds of exhaustion. *See Ewing v. McMackin*, 799 F.2d 1143, 1150 (6th Cir. 1986) ("[The] exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.").

Finally, Petitioner argues that the magistrate judge's order denying his previous motion for entry of default was an abuse of discretion. The Court finds this argument to be without merit and affirms the denial for the same reason stated in the magistrate judge's order. Because Respondent filed an answer in November 2007, Petitioner's February 2008 Motion for Entry of Default on the ground that no answer had yet been filed was properly denied.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard and determined that reasonable jurists could not find the dismissal of Petitioner's claims to be debatable or wrong. *Slack,* 529 U.S. at 484.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 2, 2009 (docket no. 28) is **APPROVED AND ADOPTED**, and Petitioner's petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection (docket no. 29) is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.


Dated: December 3, 2009                             /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE